# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

February 22, 2022

**BY ECF AND EMAIL**
Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street Room 1340
New York, New York 10007

Re:  **United States v. Darius Jackson**
     **16 Cr. 750 (JSR)**

Dear Judge Rakoff,

I write with the Court's permission, to request that the Court order early termination of Darius Jackson's supervised release. On October 3, 2017, the Court sentenced Mr. Jackson to a total term of 34 months imprisonment and three years of supervised release. On October 19, 2021, the Court corrected the term of Supervised release pursuant to Rule 36 of the Federal Rules of Criminal Procedure, due to a clerical error in the Judgment, to a total term of 36 months. Since his release from custody on August 28, 2019, Mr. Jackson has completed approximately 30 months of his 36 month term of supervision and is in full compliance with the terms of his supervision. He has been employed full time for the entire term of supervision and has made regular restitution payments. I have confirmed with his Probation Officer that he is in full compliance with all terms.

I have communicated by email with Mr. Jackson's Probation Officer, Ivette Farfan from the Eastern District of New York, and she advised me that she consents to this application. I have also communicated with Michael Longyear, Esq., on behalf of the Government, and he advises me that the Government takes no position in reference to this application. Mr. Jackson has been advised by Probation that he is currently on low impact supervision whereby he is required to call in at certain intervals, and no personal appearances are required.

Honorable Jed S. Rakoff  February 22, 2022
United States District Court  Page 2
Southern District of New York

**Re:   United States v. Darius Jackson**
       16 Cr. 750 (JSR)

### Legal Standard

The Court may terminate an individual's supervised release "at any time after the expiration of one year… if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, courts are directed to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)," essentially the same factors a court considers at sentencing. 18 U.S.C. § 3583(e).

Pursuant to this standard, courts have ordered early termination where a defendant has completed a substantial portion of his supervised release, complied with all relevant conditions, completed programming (such as drug or alcohol treatment), and if he does not represent a danger to the community.[1] See, e.g., United States v. Chaar, No. 00 Cr. 217 (JGK), 2005 WL 1844773, at *1 (S.D.N.Y. Aug. 3, 2005) (granting early termination where these conditions were met and supervision potentially interfered

---

[1] A court is not required to find "exceptional" circumstances to order early termination. That language does not appear in the statute. *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), is often cited for this language. However, *Lussier*'s holding concerns the legality of modifying a restitution order post-sentencing. The court did not hold that exceptional circumstances were required for early termination – the only mention of such an idea is when the court noted, in passing, that "[o]ccasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. To the extent that the Court determines it must find exceptional or changed circumstances here, it should find them based on Mr. Jackson's full compliance, completion of treatment, and his new employment opportunities if he could immediately move to Los Angeles.

Honorable Jed S. Rakoff                                February 22, 2022
United States District Court                           Page 3
Southern District of New York

**Re:  United States v. Darius Jackson**
     **16 Cr. 750 (JSR)**

with work opportunities); United States v. Kapsis, No. 06 Cr. 827 (WHP), 2013 WL 1632808, at *1 (S.D.N.Y. Apr. 16, 2013) (finding early termination warranted based on changed circumstances, including the defendant's steady employment, successful completion of treatment, and lack of law enforcement contact); United States v. Jimenez, Nos. 99 Cr. 1110, 99 Cr. 1193, 2012 WL 3854785, at *2 (S.D.N.Y. Sep. 5, 2012) (granting early termination where defendant had only one year remaining, had performed well on supervised release, and was considering relocation to Florida).

## Discussion

     From the start of his sentence, Mr. Jackson approached prison as an opportunity for change. Prior to sentencing, Mr. Jackson struggled with alcohol abuse. He has no history of any other substance abuse. He completed the RDAP Alcohol Abuse Program while incarcerated. He did not incur any disciplinary infractions while in prison. Since his release, Probation referred him to an alcohol abuse program for counseling and treatment which he successfully completed.

     Upon his release from incarceration, he moved in with his mother. He immediately began full time employment as a barber/hairdresser/stylist, and has consistently made restitution payments as required. Mr. Jackson fully understands that when his supervision is completed, that he will continue to make restitution payments.

     Mr. Jackson plans to move to Los Angeles as soon as his supervision is completed so that he can pursue a new and more lucrative career. His request for early termination is because he has already been discussing job opportunities as a stylist with some celebrity clients and does not want to lose this opportunity if he were to wait an additional six months. His fiancé is also planning to move to Los Angeles and is likely to leave in the very near future.

     Mr. Jackson's post-release conduct makes him exactly the type of probationer who deserves early termination. He has successfully completed 30 months of his 36 months of supervised release, which would otherwise expire in August, 2022. He is

Honorable Jed S. Rakoff  
United States District Court  
Southern District of New York

February 22, 2022  
Page 4

**Re:  United States v. Darius Jackson**  
     **16 Cr. 750 (JSR)**

currently subject to low intensity supervision, in which his reporting is at a minimum. He has taken affirmative and exceptional steps towards his own rehabilitation: by his full time employment, and successful completion of treatment for his alcohol abuse. He was not convicted of a violent offense; and there is no reason to think that he represents a danger to the public. Supervision is no longer necessary for either his own rehabilitation or the protection of the community. And because Mr. Jackson has significant job opportunities that will further his career and are more lucrative, his ability to increase his restitution payments will benefit his victim (Macys department store). Under these circumstances, early termination is warranted.

In a 2018 Memorandum to all District Court Judges, the Probation office articulated a policy of promoting an increasing number of early terminations of supervision, particularly in low risk cases like Mr. Jackson's. In fact, they have identified a "presumption" for early termination in those cases with Mr. Jackson's criteria. See Defense Exhibit A. They note that an outstanding financial penalty, "per se does not adversely affect early termination."

### Conclusion

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends…" United States v. Johnson, 529 U.S. 53, 59 (2000). Mr. Jackson's performance on supervision, his steady employment, lack of ongoing addiction issues, and his job opportunity in Los Angeles all make clear that he has, in fact, successfully reintegrated to his community. For all of these reasons, the Court should find that early termination of Mr. Jackson's supervised release is in the interests of justice and the Court should order such termination.

Respectfully submitted,

Robert M. Baum, Esq.  
Assistant Federal Defender

```
Honorable Jed S. Rakoff                    February 22, 2022
United States District Court               Page 5
Southern District of New York

Re:   United States v. Darius Jackson
      16 Cr. 750 (JSR)



cc:   Michael Longyear, Esq.
      United States Attorney's Office
      Southern District of New York

      Ivette Farfan  U.S.P.O.
      E.D.N.Y.
```

The Defendant's unopposed motion for early termination of supervised release is granted for the reasons set forth in the motion.

So Ordered
February 24, 2022

_____
JED S. RAKOFF, U.S.D.J.